J-S04025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ESVIN NOE BOLANOS, | : | |
| | : | |
| Appellant | : | No. 1285 MDA 2017 |

Appeal from the PCRA Order July 28, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000903-2012

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 15, 2018**

Appellant, Esvin Noe Bolanos, appeals *pro se* from the July 28, 2017

Order entered in the Lackawanna County Court of Common Pleas dismissing

as untimely his second Petition filed pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on

the basis that Appellant's PCRA Petition is untimely and this Court, thus,

lacks jurisdiction to review the Petition.

The PCRA court set forth the underlying facts and we need not repeat

them in detail. **See** PCRA Court Opinion, filed 10/10/17, at 1-4. Briefly, on

May 16, 2012, Appellant entered a guilty plea to one count of Rape of a

Child[1] stemming from Appellant's continuous sexual abuse of his wife's

_____

[1] 18 Pa.C.S. § 3121(c).

twelve-year-old daughter over the course of approximately six years. On October 3, 2012, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' incarceration,[2] followed by a consecutive term of ten years' probation.

Appellant did not file a direct appeal. Thus, Appellant's Judgment of Sentence became final on November 2, 2012, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3).

On November 3, 2014, Appellant filed a *pro se* PCRA Petition, his first, alleging, *inter alia*, that (1) he was unaware of the consequences of entering his plea; (2) he did not have a proper Spanish interpreter; and (3) his mandatory minimum sentence was illegal.

The PCRA court appointed counsel and eventually permitted counsel to withdraw pursuant to **Turner/Finley**.[3] On October 19, 2015, after giving proper notice, the PCRA court dismissed the Petition without a hearing as untimely.

_____

[2] The trial court noted that Appellant was subject to a mandatory minimum sentence of 10 years' incarceration and his Rape of a Child conviction required lifetime registration as a sexual offender. **See** N.T. Sentencing, 10/3/12, at 4-5, 10; 42 Pa.C.S. § 9718(a)(3); 42 Pa.C.S. § 9791 *et. seq.* Appellant avers that he was originally sentenced pursuant to "Megan's Law III" and later "fell under SORNA's Registration Provisions." Appellant's Brief at 7.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On July 11, 2016, Appellant filed the instant *pro se* PCRA Petition, his second. Appellant filed an Amended PCRA Petition on August 12, 2016. Acknowledging that his PCRA Petition was facially untimely, Appellant raised several claims, including, *inter alia*, a challenge to the legality of his mandatory minimum sentence, the ineffective assistance of plea and PCRA counsel, constitutional violations, and challenges to his guilty plea.

On July 28, 2017, after giving proper notice, the PCRA court dismissed the Petition without a hearing as untimely.

Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Did the PCRA court err in enhancing Appellant[']s sentence, and failing to submit to jury for finding of each and every element beyond a reasonable doubt?

2. Does the new ruling by the PA Supreme Court and upheld by the Pa. Superior Court apply [r]etroactively to Appellant?

Appellant's Brief at 5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant's Judgment of Sentence became final on November 2, 2012, upon expiration of the time to file a direct appeal. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3). In order to be timely, Appellant needed to submit his PCRA Petition by November 2, 2013. *Id*. Appellant filed this PCRA Petition on July 11, 2016, more than three years after his Judgment of Sentence became final. The

PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, filed 10/10/17, at 5.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b). Appellant fails to meet this burden.

In his Brief, Appellant changed his approach and now argues for the first time that his mandatory minimum sentence and lifetime registration requirement are unconstitutional under our Supreme Court's recent decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. July 19, 2017) (holding that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution).[4]

Our Supreme Court decided **Muniz** during the pendency of Appellant's second PCRA Petition, after the PCRA court had provided notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 and approximately one week before the PCRA court dismissed the Petition without a hearing. Because Appellant did not and could not have raised his **Muniz** claim before the PCRA court due to the pendency of his second PCRA Petition, his only option is to raise it in a subsequent PCRA petition filed within sixty days of the date of the order

---

[4] In his Brief, Appellant alleges that he "was originally ordered to comply with registry under Megan's Law III in" this case and later "fell under SORNA's Registration Provisions." Appellant's Brief at 7. He did not raise this issue before the trial court.

that finally resolves the PCRA Petition adjudicated herein. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).[5]

At this juncture, however, this claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa. 2004) ("The proper vehicle for raising new claims is not on PCRA appeal, but rather in a subsequent PCRA petition, should appellant be able to satisfy the statutory restrictions on such serial filings.").

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Court Opinion at 6-9.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

---

[5] Appellant will still be required to plead and prove that one of the three exceptions to the time bar under Section § 9545(b)(1) applies. *Lark*, *supra*; 42 Pa.C.S. § 9545(b)(1). *See also Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. Feb. 20, 2018) (holding that our Supreme Court has not yet declared that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/15/2018</u>